```
IN THE UNITED STATES DISTRICT COURT
   FOR THE WESTERN DISTRICT OF TEXAS
              AUSTIN DIVISION
```

| | | |
|---|---|---|
| ALLAN WAYNE MAJESKI, | § | |
|     Petitioner, | § | |
| | § | |
| V. | § | A-11-CA-463-LY |
| | § | |
| RICK THALER, Director, | § | |
| Texas Dept. of | § | |
| Criminal Justice-Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:   The Honorable Lee Yeakel, United States District Judge

      The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

      Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum of Law in Support (Document 2); Petitioner's Supplemental Memorandum (Document 8); Petitioner's Notice (Document 11); Respondent's Answer (Document 14); and Petitioner's Reply (Document 15). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

**A.  Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 147th Judicial District Court of Travis County, Texas, in Cause No. D-1-DC-06-301824. Petitioner was charged with burglary of a building. On July 12, 2007, after he pleaded guilty, Petitioner was sentenced to eight years in prison. Petitioner does not challenge the validity of his conviction. Rather, he challenges the Parole Board's decision to deny his release on mandatory supervision. Petitioner challenged the denial of mandatory supervision in a state application for habeas corpus relief. Ex parte Majeski, Appl. No. 45,596-04. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on May 11, 2011. Id.

**B.  Petitioner's Grounds for Relief**

Petitioner raises the following ground for relief:

1. He has been deprived of his liberty pursuant to a constitutionally inadequate mandatory supervision hearing procedure in that Petitioner has been denied a meaningful opportunity to be heard. Specifically, Petitioner complains he was not granted a personal interview with a member of the Parole Board panel before his release to mandatory supervision was denied and he was given no guarantee that the written documents he submitted to the panel were considered.

**C.  Exhaustion of State Court Remedies**

Respondent argues Petitioner did not exhaust his claim that he was not granted a personal interview with a member of the Parole Board panel. He contends that claim is procedurally barred. He does not contest that Petitioner has exhausted his state court remedies regarding his claim that he was given no guarantee that his written documents were considered.

After comparison of Petitioner's claims raised in his state application and his claims raised in his federal application, the Court is of the opinion Petitioner has exhausted his state court remedies. Included in his arguments presented to the state court are claims he was not given a personal interview.

## DISCUSSION AND ANALYSIS

A.   **The Antiterrorism and Effective Death Penalty Act of 1996**

The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is defined by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The text of § 2254(d) states:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). Harrington v. Richter, 131 S. Ct. 770, 784 (2011). Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. Id. (citations omitted). A state court need not cite or even be aware of Supreme Court cases under § 2254(d). Id. (citing Early v. Packer, 537 U.S. 3, 8, 123 S. Ct. 362 (2002) (per curiam). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden

3

must be met by showing there was no reasonable basis for the state court to deny relief. Id. This is so whether or not the state court reveals which of the elements in a multi-part claim it found insufficient, as the Supreme Court explained, § 2254(d) applies when a "claim," not a component of one, has been adjudicated. Id.

Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

4

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.      Mandatory Supervision**

"Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T. CODE § 508.001(5). Whereas an inmate's release on parole is wholly discretionary, an inmate's release on mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Id. at § 508.147(a); Jackson v. Johnson, 475 F.3d 261, 263, n. 1 (5th Cir. 2007).

Both the Fifth Circuit and the Texas courts have held Texas's post-September 1, 1996 mandatory provision scheme (outlined above) does create a protected liberty interest. Teague v. Quarterman, 482 F.3d 769, 777 (5th Cir. 2007); Ex parte Geiken, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000). Therefore, Petitioner is correct in noting he has a protected liberty interest, and is entitled to due process protection with respect to the decisions to deny him mandatory supervision. However, this simply means certain procedural due process protections must be afforded Petitioner by the Board before it decides whether to release him on mandatory supervision. Procedural due process requires, essentially, that Petitioner be given notice and a meaningful opportunity to be

heard. Geiken, 28 S.W.3d at 560. Additionally, if release is denied, "the inmate must be informed in what respects he falls short of qualifying for early release." Id. (citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Therefore, the only issues before this Court are (1) whether Petitioner was provided timely notice he was to be considered for mandatory supervision release, (2) whether he was given a meaningful opportunity to be heard; in other words, a meaningful opportunity to tender information to the Board in support of his release, and (3) whether he was informed in what respects he fell short of qualifying for early release.

The record reflects Petitioner was given notice of his mandatory supervision review on August 11, 2010, and the notice indicated the review was to occur within thirty days of December 1, 2010. See Ex parte Majeski, Appl. No. 45,596-04 at 45. The notice also indicated Petitioner could submit evidence to the Board panel before October 17, 2010. Id. Therefore, Petitioner had adequate notice of the specific 30-day window in which his review would take place, as well as an opportunity to submit evidence to the Board panel in support of his release. Petitioner admits he did actually submit written evidence to the Board. The record also reflects the Board specifically set forth the factors justifying its determination not to release him on mandatory supervision, and Petitioner received notice of the Board's decision and rationale on or about November 10, 2010. Id. at 64. Although Petitioner did not receive the result he desired, he was afforded all the process he was due under the United States Constitution.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence.

**RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

**CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct.

7

1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

**OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is

ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of September, 2011.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE